### John W. Fender v. Michael Kelly.

1. SERVICES—*Rendered Without Employment.*—One party can not be held liable to another party, with whom he has had no dealings, and of whom he has had no notice, for services for which he contracted to pay another and different party.

Assumpsit, for work, labor and services. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

HOLDEN & BUZZELL and CHARLES R. HOLDEN, attorneys for appellant.

REMY & MANN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case was tried without a jury, and the only question is whether the court was right in deciding that there were no relations between these parties, growing out of two written contracts hereinafter copied, there being nothing but those contracts for the appellant to charge appellee upon. The contracts are as follows:

"This agreement made and entered into this 7th day of October, A. D. 1889, by and between Michael Kelly of Danville, Illinois, of the first part, and H. H. Shufeldt & Company, of the second part, witnesseth:

That said first party agrees to supply said second party from October 7, A. D. 1889, to September 30, A. D. 1890, inclusive, such quantities of Kelly Creek lump coal and Kelly Creek lump screenings, as said second party may from time to time designate and require, the said coal to be delivered by said first party at said second party's distillery, at the corner of Larrabee street and Hawthorne avenue, or at their rectifying house at the corner of Cass and Kinzie streets, in Chicago, Illinois, at either or both of said places as second party shall direct.

Said first party further agrees that he will, without further compensation than the price hereinafter agreed to be paid for the coal and screenings aforesaid, haul away daily from said distillery and from said rectifying house, all ashes and refuse resulting from the burning of all coal and screenings furnished by said party.

In consideration of the foregoing undertakings of the party of the first part, the party of the second part hereby agrees to take Kelly Creek lump coal and Kelly Creek lump screenings, as hereinbefore provided, from October 7, A. D. 1889, to and including September 30, A. D. 1890, except that during four weeks of said time, of which notice shall be given, said second party reserve the privilege of buying coal from other parties in order to test the same.

Said second party agrees to pay to said first party monthly for all coal and screenings taken from said first party, at the rate of two dollars and five cents ($2.05) per ton of 2,000 pounds of Kelly Creek lump coal delivered, and at the rate of one dollar and five cents ($1.05) per ton of $2,000 pounds of Kelly Creek lump screenings from lump over one inch screen.

It is further agreed by and between the parties hereto, that in case said second party shall at any time during the term covered by this contract, decide to burn oil or coke,

with or without coal or screenings, then this contract shall, upon notice thereof from said second to said first party, cease and terminate, except as to so much, if any, of the coal or screenings aforesaid, as shall be by said second party required of said first party thereafter, under the terms and for the prices fixed by this contract.

It is understood and agreed that the coal and screenings herein contracted for, are for use and consumption at the aforesaid distillery and rectifying house of said second party, and if not furnished and delivered as aforesaid according to the terms of this contract and the requirements of said second party thereunder, then said first party shall be liable to said second party for all damages and loss of profits said second party shall sustain by the cessation of their business, at either said distillery or said rectifying house, or both, by reason of the non-delivery of said required coal and screenings under this contract.

MICHAEL KELLY,
HENRY H. SHUFELDT & Co. "

" This agreement, entered into and made this 18th day of October, 1889, by and between Michael Kelly, city of Danville, State of Illinois, party of the first part, and Stephen A. McMahon, of the city of Chicago and State of Illinois, party of the second part, witnesseth :

Said Michael Kelly, party of the first part, hereby agrees to furnish to the said Stephen A. McMahon, party of the second part, delivered in the city of Chicago, State of Illinois, on the Chicago and Eastern Illinois Railway tracks at 12th street in said city, all the Kelly lump coal and Kelly lump screenings that may be needed and used by the H. H. Shufeldt Distilling Company in the prosecution of their business as distillers, for the term of one year, beginning October 7, 1889, and ending September 30, 1890, at the following prices, for the year and time above mentioned : Kelly lump coal, at $1.65 per ton; Kelly lump screenings, at $0.65 per ton; and should the said Michael Kelly at any time fail to deliver at the place and tracks above mentioned, the quality of lump coal and lump screenings in such quantities as the said H. H. Shufeldt Distilling Company

should need to fully carry on and prosecute their business, then the said Stephen A. McMahon, party of the second part, shall be entitled to have the privilege to make purchases of such quantities of lump coal and lump screenings as may be needed to keep the works of said H. H. Shufeldt Distilling Company in active operation, and the difference paid (should there be any difference) between the price of the said Kelly lump coal and Kelly lump screenings, so paid, shall be borne by the said party of the first part. This contract being a supplementary contract to a contract made by and between the H. H. Shufeldt Distilling Company, party of the first part, and Michael Kelly, party of the second part. The terms of payment are provided for, wherein the said Michael Kelly shall receive his money at a stated time each month, and on receipt of said money, shall remit to Stephen A. McMahon all money due him for the preceding month, the said money or amount of money due him being the difference between the price made said Stephen A. McMahon at $1.65 per ton for Kelly lump coal and $0.65 per ton for Kelly lump screenings, $2.05 per ton for Kelly lump coal, and $1.05 per ton for Kelly lump screenings. The above being the price made H. H. Shufeldt Distilling Company by the said Stephen A. McMahon, party of the second part, in this supplementary contract.

The said Stephen A. McMahon, party of the second part, agrees to furnish at all times all the facilities for transportation for said Kelly lump coal and Kelly lump screenings from the Chicago and Eastern Illinois railway tracks at 12th street, to the H. H. Shufeldt Distilling Company's place of business at Chicago avenue and Larrabee street, and to keep them fully supplied at all times in such quantities as they may need, provided the said Michael Kelly has made shipment at proper times, and arranged for the receival of said lump and screenings at the place and tracks above mentioned.

Signed:    MICHAEL KELLY,

FRANK FORRESTER,        S. A. McMAHON.
       Witness."

It may be assumed, as appellant claims, that McMahon employed Fender to haul the coal and ashes, as Kelly was required to do by his contract with Shufeldt & Co., and also employed Fender at $2 per day to watch the cars to prevent stealing, on account of all of which service there is now due to Fender $766.95. Has he any claim upon Kelly for that sum? The appellant relies upon Burton v. Goodspeed, 69 Ill. 237, between which case and this, there is some delusive resemblance. It was there held, under a contract between Burton Bros. & Co. and Holbrook, by which Holbrook was to receive upon a dock, and pay charges upon, and then handle and sell coal supplied by Burton Bros. & Co., and being repaid charges paid, was to have a commission fixed for handling and selling, and was to guarantee payment on all sales; that Holbrook was an agent, authorized to make for Burton Bros. & Co. an executory contract with Goodspeed & Co., for the sale of coal, to be delivered at any time within the next ten months. Yet to make that case applicable to this, Burton Bros. & Co. should have been sued, and held liable for labor in handling and selling coal after it was on the dock.

It would not become us to criticise that decision, but it can not be so strained as to justify holding Kelly liable to a party with whom he had no dealings, and of whom he had no notice, for services for which he had contracted to pay McMahon. Whether Kelly has paid McMahon does not appear, and whether he has or not, does not affect the construction of these contracts.

If the appellant's construction be right, then, though McMahon had received his money month by month from Kelly, still Kelly would be liable to pay again to Fender, until the statute of limitations barred the demand.

We hold that McMahon had no authority to pledge the credit of Kelly, and the judgment is affirmed.